## EXHIBIT A

**Manning Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x

In re:                                                    Chapter 11

JVK Operations Limited, *et al.*, [1]                     Case No.: 24-70799 (SPG)

                        Debtors.          (Jointly Administered)
------------------------------------------------------------------ x

**DECLARATION OF JEFFREY R. MANNING, SR.**
**IN SUPPORT OF FIRST AND FINAL FEE APPLICATION OF**
**SILVER BIRCH, INC. AND BA SECURITIES, LLC, ADVISOR AND**
**INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION,**
<u>**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**</u>

Jeffrey R. Manning, Sr., CTP, hereby declares the following pursuant to 28 U.S.C. § 1746 under penalty of perjury:

1.      I am the founder and Senior Managing Director of The Silver Birch, Inc., and a Registered Representative of BA Securities, LLC (collectively, "**SBG**"), and submit this declaration in support of the *First and Final Fee Application of  Silver Birch, Inc. and BA Securities, LLC, Investment Banker to the Debtors and Debtors in Possession, for Allowance of Compensation and Reimbursement of Expenses* (the "**Fee Application**") [2] upon personal information and belief.

2.      Unless otherwise noted, I am familiar with the matters herein and, if called upon, could testify competently thereto.

3.      On December 25, 2024, the Debtors filed the Sale Motion and on March 12, 2025, the Court entered the Bidding Procedures Order.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are JVK Operations Limited (4212), and JVK Operations Ltd. of NJ (2255).

[2]  Capitalized terms not otherwise defined herein are as in the Fee Application.

SGR/82145611.8

4.    Pursuant to the Retention Order and the Bidding Procedures Order, SBG performed the following services during the Fee Period:

i.    worked with Debtors' counsel in creating and defining the bidding procedures and the Asset Purchase Agreement template;

ii.    published notice of the Auction Sale and Assets on an industry website and used the business social media site LinkedIn to generate 1,150+ "impressions;"

iii.    communicated the notice of Auction Sale, Order approving the Terms and Conditions of Sale, and the Terms and Conditions to over forty (40) prospective purchasers, including strategic and private equity buyers;

iv.    created, populated, and managed an online data room for prospective bidders to access critical and confidential operating and financial data, including the Bankruptcy Terms & Conditions of Sale, Bid Form, Stalking Horse Asset Purchase Agreement Template, and other relevant information about the Assets;

v.    developed numerous collateral marketing materials, including an Executive Summary, regular Business Update reports, and Management Presentations, plus conducting twenty-six (26) one-on-one calls with perspective bidders;

vi.    communicated with thirty-three (33) potential bidders, resulting in thirteen (13) executed NDAs, and six (6) potential bidders that conducted site visits of both the New York and New Jersey facilities; and

vii.    facilitated an Auction that resulted in an effective improvement of $1.025 million above the original Stalking Horse bid.

5.    Pursuant to the Bidding Procedures Order, a successful auction was held on April 8, 2025. *See Declaration of Jeffrey R. Manning, Sr., CTP on Behalf of the Silver Birch Group, Inc. Concerning the Results of Auction Sale* [ECF No. 201].

6.    While several open items remained to be resolved with certain senior lenders following the auctions, the prevailing parties at the Auction were optimistic that the May 2025

SGR/82145611.8

Closing was possible. Auction results represented an effective improvement of $1.025 million above the original Stalking Horse bid.

7.      Ignoring SBG's mandate from the Court, and its extensive practical experience with over 150 closed capital market transactions over the past 40+ years, for reasons known only to Debtors' Counsel, despite repeated entails via emails and telephone voice messages to offer SBG's assistance and expertise to support Closing negotiations, those offers were rebuffed by Debtors' Counsel. The Closing failed.

8.      If the Closing had occurred, perhaps the Debtors' estates in both NY and NJ would have been effectively resolved, the creditor stakeholders compromised, and the Administrative Expenses of the estates covered. The failure to Close resulted in 10-12 additional months of administrative legal expense, and, as often happens following a failed closing, operations of the cash strained Debtors faced significant headwinds.

9.      Pursuant to the terms of the Engagement Letter, SBG is entitled to a Transaction Fee[3] in the amount of $385,000, comprised as follows:

---

[3] Section 8 (iii) of the Engagement Letter defines "Transaction" as follows:

> any asset purchase, merger, consolidation, reorganization, recapitalization, business combination or other transaction pursuant to which the Debtors' Assets are acquired...

See Engagement Letter § 8 (iii).

SGR/82145611.8

| JVK NY Equity | | |
|---|---|---|
| V Samuel | $ | 600 |
| M Connell | $ | 600 |
| Joe Samuel | $ | 100 |
| Lindenwood Equity | $ | 345 |
| Joe Samuel | $ | 100 |
| Total Equity | $ | 1,745 |
| Incentive JS Equity | $ | 100 |

| JVK NY Senior Debt | | |
|---|---|---|
| DIME | $ | 918 |
| DIME | $ | 259 |
| SBA | $ | 2,006 |
| Regions | $ | 150 |
| Hanmi | $ | 106 |
| Navitas | $ | 163 |
| Am Cap | $ | 94 |
| Santander | $ | 75 |
| Pawnee | $ | 150 |
| CIT | $ | 113 |
| 166 New Highway LL | $ | 60 |
| JVK NY | $ | 4,093 |

| Total JVK NY Consideration | $ | 5,838 |
|---|---|---|

| Pending JVK RMK NJ Cash | $ | 550 |
|---|---|---|
| Arway Collatral Mortgage | $ | 3,100 |
| Assumed NJ Debt | $ | 1,500 |
| JVK NJ Consideration | $ | 5,150 |

| Aggregate Consideration | $ | 10,988 |
|---|---|---|
| SBG 3.5% | $ | 385 |

10.    At the failed Closing, SBG's recommendation was to aggressively re-enter the market with an attempt to negotiate a different transaction with other buyers. Re-entering the market may have achieved two objectives: i) the Debtors may have found another buyer; and ii) the Debtors may have gained leverage over the post-auction buyer to ultimately reach an

acceptable transaction. That recommendation was ignored, and unfortunately the vicissitudes of running the business given its tight cash situation resulted in several adverse effects.

11.     Instead of testing the market with a comprehensive effort, Debtors' Counsel solely pursued a Plan of Reoganization. On or about July 25, 2025, a Second Amended Chapter 11 Plan of Reorganization for JVK NY was filed with the Court [ECF No. 227].

12.     On October 11, 2025, a Motion to Approve a Settlement Agreement between the Debtors and MediServe Global USA, Inc. was filed --the party that failed to close [ECF No. 252].

13.     On November 4, 2025, the Debtors authorized and requested SBG to prepare a New Value Report. *See emails* Exhibit 1.

14.     On November 22, 2025, despite ignoring SBG's previous advice to re-market the assets of JVK NY and NJ for several months, via email Debtors Counsel requested that SBG reach out to parties who had previously expressed an interest in these assets. This task was not practical lacking a clear mandate from the Debtors as to the intention of the estate, and other than sharing that no transaction had closed yet. It was not a productive call to previous parties of interest. *See emails* Exhibit 1.

15.     SBG is entitled to be compensated for the New Value Report under the terms of the Engagement Letter,[4] and SBG submits that a flat fee of $25,000 is market and appropriate under the circumstances, and that such amount has been approved in other cases of similar size and complexity. *See, e.g., 4D Factory, Inc.,* Case No. 23-11618 (MEW) (Bankr. S.D.N.Y.) [ECF No.

---

[4]  Section 8 (c) of the Engagement Letter provides, in relevant part:

> Expansion of Scope. In the event the Debtors requires other services that are materially beyond the Duties and Services listed above, then the Advisor reserves the right to request additional compensation on terms mutually agreed by the parties. Absent exigent circumstances, expansion of scope that requires compensation other than as set forth herein must be agreed upon in advance and approved by the Bankruptcy Court.

  *See* Engagement Letter § 8 (c).

215].

16. Since July 17, 2025, SBG attempted multiple times to reach a reasonable compromise agreement with the Debtors regarding its administrative fees, to no avail. *See emails* Exhibit I.

17. No agreement or understanding exists between SBG and any other person or persons or parties to share in any compensation received in connection with these cases.

18. The facts contained in the Fee Application are true and correct to the best of my knowledge, information and belief.

19. The fees and disbursements requested in the Fee Application are in accordance with practices customarily employed by SBG and generally accepted by SBG's clients.

20. To the best of my knowledge, information and belief, the Fee Application substantially complies with the Local Rules.

21. By the Fee Application and this declaration, SBG respectfully seeks an award and direction to the Debtors to pay the fees and expenses sought therein.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Arnold, Maryland
      May 6, 2026

_____
Jeffrey R. Manning, Sr.

## EXHIBIT I

**Key Emails**

## RE: For the Record on the POR  RE: JVK: Proposed Structure for Confirmable Plan



rspence spencelawpc.com <rspence@spencelawpc.com>
To  JR Manning



Thu 7/17/2025 10:48 AM

(i) You replied to this message on 7/17/2025 12:14 PM.

We do not have to agree right now and so I reserve any comments on the contents of your emails. As I said, I am open to discussing your fee on behalf of the Debtors and the estates in the context of the Silver Birch engagement, if and when confirmation/closing occurs or is expected. We have bigger things to get done and if we are discussing your fees in the context of plan confirmation/reorganization, it means that we did something right in the eyes of the Court.

Regards,

Robert J. Spence, Esq.
Spence Law Office, P.C.
55 Lumber Road, Ste. 5
Roslyn, N.Y. 11576
516-336-2060
rspence@spencelawpc.com

---

**From:** JR Manning <jrmanning@silvrbirch.com>
**Sent:** Thursday, July 17, 2025 10:03 AM
**To:** rspence spencelawpc.com <rspence@spencelawpc.com>
**Subject:** RE: For the Record on the POR RE: JVK: Proposed Structure for Confirmable Plan

From the engagement letter:

*8(iii) Transaction.  For purposes of this Agreement, a "Transaction" shall mean and include, any asset purchase, merger, consolidation, reorganization, recapitalization, business combination or other transaction pursuant to which the Clients' assets are acquired by, or combined with, any person, group of persons, partnership, corporation or other entity (including, without limitation, existing creditors, employees, affiliates, and/or shareholders).*

Get the POR over the line. The retention order references the Transaction Fee and my declaration attaches the engagement letter, so if we have to "lawyer up" I am confident the documents speak for themselves.

JRM

From: rspence spencelawpc.com <rspence@spencelawpc.com>
Sent: Thursday, July 17, 2025 9:49 AM
To: JR Manning <jrmanning@silvrbirch.com>
Subject: Re: For the Record on the POR RE: JVK: Proposed Structure for Confirmable Plan

Jeff, I read the retention again and I note as you do that the fee is 50k for a reorganization. The MediServ APA will be cancelled at some point. We can discuss any issues you have with the expected fee to Silver Birch but my priority is the get the plan of reorganization in NY and the plan of liquidation in NJ over the lines.

Bob

**From:** JR Manning <jrmanning@silvrbirch.com>
**Sent:** Thursday, July 17, 2025 9:31:17 AM
**To:** rspence spencelawpc.com <rspence@spencelawpc.com>
**Subject:** For the Record on the POR RE: JVK: Proposed Structure for Confirmable Plan

Bob – thank you for the update Tuesday night on JVK/RMK. My fingers are crossed you can get it done by the 28th to the satisfaction of Hon. Grossman.

For your convenience, in section 8(iii) of the Silver Birch engagement letter I am explicitly protected for a transaction fee in the event of a reorganization.

As you monitor agreements, please share developing news, especially regarding DIME.

As you know, most of the time investment bankers run the auction and complete the sale to create a pot of cash for Debtor's counsel to distribute in a plan (thus retention pursuant to §§327(a) and 328(a) of the Code). Over my career I have closed other hybrid cases with both cash and the assumption of debt.

Investment banker compensation typically triggers off an improvement over the original Stalking Horse bid. However, when Grossman rejected the breakup fee, Silver Birch was forced to take an assignment with a gap between the original stalking horse and $8.1 million. However, in good faith, I unhappily accepted that risk to support the Debtors and Debtors' counsel.

The auction resulted in an improved bid of $8.367 million, before the $290k AR adjustment, for a total improvement reflected in the Silver Birch declaration of $1.025 million – materially a 13% improvement over the stalking horse bid and triggering $8.1 million "toggle". At that result, the Silver Birch Transaction Fee equaled $293k, plus out-of-pocket expenses to bring the fee application to ~$300k.  As you estimate Admin costs of your fee, Lindenwood's fee, and the investment banking fee, please keep that approximation in mind.  Tuesday you shared $1.3 million in aggregate.

Spence law reported at 11:21 pm Tuesday night (see below) that Mediserve and the senior lenders will support a joint POR with participation from Vinny and Mike. This newest revised plan features the sale of NJ to Arway for $3.5 million, at least $0.84 million in cash from Mediserve (with a critical $200k in advance), $1.0 million in cash from management, and the lenders in NY all generally restate with moderation in terms.

It is difficult to evaluate if Grossman finds this POR acceptable by the 28th, but for the record please note the following complications:

1.  Arway will never close by then.

2.  The NJ lease remains outstanding.

3.  Debtors' survival depends on $200k advance by Mediserve.

4.  Hard to see sale of NJ property in less than six months.


At this point Silver Birch group has no way to evaluate consideration under the POR, but I rely on you and Spence Law, in good faith, that in the end the transaction exceeds the $8.1 million toggle.  If we avoid conversion, it would be grossly unfair for Silver Birch to have worked solely for $40k -- we performed per the engagement agreement.

Please let me know if there is anything I can do to help. R, JRM

October 24, 2025 Zoom Call with Luckman

-----Original Appointment-----
**From:** JR Manning
**Sent:** Friday, October 24, 2025 12:55 PM
**To:** Robert J. Spence, Esq; Gerard R. Luckman
**Subject:** JVK Silver Birch Fee Discussion
**When:** Monday, October 27, 2025 3:30 PM-4:15 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://us06web.zoom.us/j/83904585568?pwd=oTTgtR5YN8KXyq6JTabbnYQwtGPBoO.1

# RE: Follow Up Silver Birch Fee Discussion



**rspence spencelawpc.com <rspence@spencelawpc.com>**

To   JR Manning; Gerard R. Luckman - Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP (gluckman@forchellilaw.com)

ⓘ You replied to this message on 11/4/2025 12:51 PM.

As for fees, Jordan would only be included for feasibility purposes. We have cash flow issues that are being worked out now and that takes priority over admin fee discussions for the moment.

Regards,

Robert J. Spence, Esq.
Spence Law Office, P.C.
55 Lumber Road, Ste. 5
Roslyn, N.Y. 11576
516-336-2060
rspence@spencelawpc.com


**From:** JR Manning <jrmanning@silvrbirch.com>
**Sent:** Monday, November 3, 2025 4:30 PM
**To:** rspence spencelawpc.com <rspence@spencelawpc.com>; Gerard R. Luckman - Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP (gluckman@forchellilaw.com) <gluckman@forchellilaw.com>
**Subject:** Follow Up Silver Birch Fee Discussion

Gentlemen – two things:

1) As I have offered several times, if the estates need a "new value" declaration, as the Court-appointed investment banker Silver Birch is prepared to offer that, regardless of the fee outcome.  This afternoon the

Silver Birch new value opinion was approved by the Hon. LISA G. BECKERMAN in the Harbor Business/Firstbase.oi case in the SDNY;

2) Re: Silver Birch fee:  my understanding coming out of our conference call one week ago was that Bob and Jordon were going to "put their heads together" and come up with a compromise proposal.  We continue to stand by.

R, JRM

**From:** JR Manning <jrmanning@silvrbirch.com>
**Sent:** Monday, December 15, 2025 11:34 AM
**To:** rspence spencelawpc.com <rspence@spencelawpc.com>; Gerard R. Luckman - Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP (gluckman@forchellilaw.com) <gluckman@forchellilaw.com>; Joseph E. Samuel (jsamuel@jvkoperations.com) <jsamuel@jvkoperations.com>; Samuel Vinny <vsamuel@jvkoperations.com>; Mike Connell <mconnell@jvkoperations.com>
**Subject:** Congratulations on the JVK NY Confirmation

Gentlemen – hope you had a good weekend, and plans are underway for a joyous holiday.

Must admit I laughed as Debtor's counsel attempted to reduce the Silver Birch New Value Report to "unofficial" during the presentation of evidence, only to have the Hon. Sheryl P. Giugliano deny the suggestion and then explicitly mention it in her closing remarks.

Despite several good faith attempts to resolve the issue on August 20, 2025, and a Zoom meeting with Messrs. Luckman and Spence on October 27th featured an explicit request to propose a settlement of the Silver Birch fee, it remains outstanding.

Believe the current bid=ask spread is $40k paid over 12 months=$350k+ by formula of the engagement letter.

For your information, to date the Silver Birch Group was paid a one-time retainer of $10,000.  To date the out-of-pocket expense is $12,342.00, details attached, and SBG is happy to share the receipts if requested.  In the Court-approved engagement, reimbursement of out-of-pocket is addressed in 4(iv) of the December 28, 2024 letter, as 8(i) is addressed in the Expansion of Scope.  FYI, in the last New Value report SBG was paid $50k.

Breaking down the expense by purpose and by type:

| Expense by Type | |
|---|---|
| Transportation | $ 6,109.00 |
| Lodging | $ 3,163.00 |
| Travel Meals | $ 1,107.00 |
| Other | $ 1,963.00 |
| **Total** | **$ 12,342.00** |

| Expense by Purpose | |
|---|---|
| Hearing | $ 6,079.00 |
| Site Visit | $ 2,073.00 |
| Auction | $ 1,755.00 |
| Other | $ 2,435.00 |
| **Total** | **$ 12,342.00** |

Understand we have a tough case, and I had hoped to resolve the issue in a professional manner. However, despite raising this issue several times, it appears Debtor's counsel believes that he can improve his administrative insolvency problem by ignoring the Court-appointed investment banker.

The purpose of this morning's email is to alert the working group to the issue in the hope that it may be resolved promptly and fairly.

R, JRM

## 2025 Dec 16 Manning to Spence, Spence response

RE: Congratulations on the JVK NY Confirmation



rspence spencelawpc.com <rspence@spencelawpc.com>

To   JR Manning; Gerard R. Luckman - Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP (gluckman@forchellilaw.com)



Tue 12/16/2025 12:17 PM

ⓘ You replied to this message on 12/17/2025 9:11 AM.

Jeff, I spoke with the clients about your below email, and the Debtors will address it and respond accordingly in the coming weeks. As you know, the Debtors have greater priorities than addressing professional fees/expenses (and any disagreement therewith) at this juncture. In the meantime, please direct all communications regarding Silver Birch's fee/expense claim(s) to me.  Please do not contact the clients directly regarding the Silver Birch fee/expense claim(s). The clients are aware of the requests regarding further communications and are in agreement with same. Thank you.