UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

In re:                                                    Chapter 11

JVK Operations Limited, et al.,                           Case No.: 24-70799 SPG

                              Debtors.[1]        (Jointly Administered)

------------------------------------------------------------------- x

## RESPONSE TO LIMITED OBJECTION TO FEE APPLICATION FOR FIRST AND FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO ATTORNEYS FOR DEBTOR

Spence Law Office, P.C. ("Spence Law"), as and for its response to the limited objection (ECF 327)(the "Limited Objection") to the application (the "Application") of Spence Law for First and Final Allowance of Compensation and Reimbursement of Expenses to Attorneys for the Debtor ("JVK NY" or "Reorganized Debtor")  filed by Silver Birch, Inc. and BA Securities, LLC ("Silver Birch"), submits as follows:

1.      There is no basis provided in the Limited Objection for any delay in granting the application of Spence Law.

2.      In the event the Application is granted, payments are being made to Spence Law from JVK NY's cash flow over 48 months. There is no depletion of any reserve for professional fees.

3.      Without waiving any rights of JVK NY or the estate, Silver Birch's engagement allows for payments of the Minimum Fee ($40,000[1] - which is applicable here), if approved, over 12 months.  It is clear that Silver Birch is not satisfied with the Minimum Fee and claims it is owed "approximately $346,213" (in its Limited Objection) and now, one day later, $420,000 plus expenses (in its just filed fee application).[2]

---

[1] Plus any reasonable and approved expenses.

[2] All rights and objections to this fee application are reserved on behalf of the Reorganized Debtor and the estate.

4.      Silver Birch is certainly aware that the sale process it was hired for was ultimately unsuccessful, and that the effectuation of the Plan was only possible through cooperation with creditors and other professionals who compromised their treatment in the interest of preserving the business and attaining JVK NY's emergence from bankruptcy.

5.      Reserving again all rights of JVK NY and the estate, in the unlikely event Silver Birch is owed more than $40,000 plus reasonable and approved out of pocket expenses, and if the cash flow of JVK NY is insufficient to pay such approved amount, the reality is that Spence Law will engage with Silver Birch and the Reorganized Debtor in good faith to facilitate the payment of such fees, over the same timeframe as Spence Law - and perhaps even extending that timeframe, if necessary - while also ensuring the stability of the business.

6.      It should also be noted that Spence Law was not charged with any obligation to bring about a settlement of a dispute regarding Silver Birch's fee claim and the failure to reach a resolution is not a basis to delay a hearing on approval of the Application.

7.      Notwithstanding any dispute(s) regarding professional fees, the moment still belongs to JVK NY. The company emerged after 2 years in Chapter 11, after facing all of the complexities and difficulties thrown its way. Given the facts and circumstances of this case, it is an extraordinary accomplishment for a small to mid-sized company to have survived such a prolonged and complex process with the unexpected events JVK NY faced. Particularly notable amidst the daily stress of operations and chapter 11 obligations, was the work of Lindenwood Associates and Jordan Berger who spent countless hours helping JVK NY overhaul its accounting practices and providing indispensable leadership for JVK NY. Mr. Berger continues to provide that same leadership to the Reorganized Debtor as it emerges from the Chapter 11 case. The success of the case is also a testament to the resilient group at JVK NY, and the cooperation and compromises of its creditors and other claimants.

**WHEREFORE**, Applicant, Spence Law Office, P.C., respectfully requests that the Limited Objection be overruled and that the Court grant the Application.

Dated: Roslyn, New York
      May 6, 2026                               SPENCE LAW OFFICE, P.C.

                                             By: *s/ Robert J. Spence*
                                                 Robert J. Spence, Esq.
                                                 55 Lumber Road, Ste 5
                                                 Roslyn, New York 11576
                                                 516-336-2060