**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Eloy A. Peral, Esq.
Yara Kass-Gergi, Esq. (*pro hac vice* admissions requested)
eperal@windelsmarx.com
ykass-gergi@windelsmarx.com

*Attorneys for Dime Commercial Bank,*
*f/k/a Dime Community Bank*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| JVK Operations Limited, *et al.*, | Case No.: 24-70799 (SPG) |
| | (Jointly Administered) |
| Debtors.[1] | |

**REPLY IN SUPPORT OF**
**MOTION OF DIME COMMERCIAL**
**BANK FOR ENTRY OF AN ORDER**
**DIRECTING COMPLIANCE WITH**
**THE CONFIRMED CHAPTER 11 PLAN,**
**OR IN THE ALTERNATIVE, CONVERTING**
**THE CASE TO A CASE UNDER CHAPTER 7 OF**
**THE BANKRUPTCY CODE OR DISMISSING THE CASE**

Dime Commercial Bank f/k/a Dime Community Bank ("Dime Bank"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, submits this reply (the "Reply") in response to the objection (the "Objection") to the *Motion of Dime Commercial Bank for Entry of an Order Directing Compliance With the Confirmed Chapter 11 Plan, Or In the Alternative, Converting the*

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are JVK Operations Limited (4212), and JVK Operations Ltd. of NJ (2255).

*Case to a Case Under Chapter 7 of the Bankruptcy Code or Dismissing the Case* [ECF No. 359] (the "Motion").[2] In support of the Reply, Dime Bank respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. Through obfuscation, pleas for second (and third and fourth) chances, and dishonesty, JVK NY has managed to continue operations for more than two and a half years despite its persistent and undisputed insolvency. In the face of Judge Grossman's *sua sponte* motion to dismiss or convert which was pending for ten months,[3] JVK NY was able to confirm the Original Third Amended Plan only because Dime Bank was willing to settle at the confirmation hearing despite the Plan's stark infeasibility and other deficiencies. The Dime-JVK Settlement was short-lived, however. Before the Effective Date, the Principals and MKMK of NJ announced they would not honor the Dime-JVK Settlement because, according to them, they decided to use the funds earmarked for the $400,000 Cash Collateral instead to pay another creditor, MediServ. JVK NY then filed the Post-Confirmation Modified Plan, which was stripped of the Dime-JVK Settlement. The Principals and MKMK NJ do not oppose the Motion.

2. While the Principals and MKMK of NJ are obligated to provide the $400,000 Cash Collateral, the $100,000 Paydown due on the Effective Date, the $54,000 in past due adequate protection payments due on the Effective Date, and monthly interest payments are all indisputably obligations of JVK NY which have not been performed. In the Objection, JVK NY does not dispute its obligations to make these payments, but asks for more time (again) to perform because it allegedly does not have the financial wherewithal to meet its obligations. The $100,000 Paydown

[2] Unless otherwise stated, the capitalized terms herein that are undefined shall have the meaning ascribed to them in the Motion.

[3] *See* Order to Show Cause, February 10, 2025 [ECF No. 172] ("[T]he Court having determined that cause exists to convert the Debtors' cases to cases under Chapter 7 or to dismiss the Debtors' cases pursuant to 11 U.S.C. § 1112(b)(4)…"); Docket Entry Dated December 9, 2025 (marking *sua sponte* motion off the calendar).

and past due adequate protection payments have still not been made. They, and MKMK of NJ and the Principals, have been in material default of the Plan since the Effective Date. JVK NY does not dispute this.

3. Upon the Effective Date, Dime Bank had a chose: immediately enforce its rights under the Plan before the Court or try, once again, to reach another consensual resolution with the parties. It choice to aim for a negotiated resolution (again). For eight months, Dime Bank assumed that JVK NY's management – which are JVK NY's former accountants who "converted" their administrative claim into reorganized equity and management rights because JVK NY was administratively insolvent – was negotiating in good faith. During the status conference held on October 6, 2026 counsel for JVK NY represented to the Court – as it did to counsel for Dime Bank for months – that it prepared a stipulation of settlement that was with JVK NY's management for signature. We now know those statements to the Court and counsel were either untrue or a ploy to delay Dime Bank's enforcement of its rights in order to pay junior creditors and JVK NY's professionals ahead of Dime Bank with Dime Bank's collateral.

4. Notwithstanding its admitted insolvency, JVK NY (again) pleads for the Court not to convert or dismiss the case because it would purportedly "eliminate 200 jobs". It now appears that the only reason those jobs have subsisted has been due to the involuntary financing provided by Dime Bank to the company. JVK NY seeks, as it has repeatedly done throughout the case, to deflect its own shortcomings and poor decision-making onto creditors and other parties. Job losses that may arise from conversion or dismissal would entirely be the fault of former and present management and not of Dime Bank which has exhibited an enormous level of patience and restraint for more than two and a half years.

5. For the above and below reasons, Dime Bank respectfully requests that the Court convert the case to Chapter 7 case. If the Court does not convert this case, Dime Bank requests that the Court grant the requested relief with respect to the Principals and MKMK of NJ and order them to provide the $400,000 cash collateral to Dime Bank as they promised to do as part of the JVK-Dime Settlement. The Principals and MKMK of NJ have not formally or informally responded to the Motion.

## II. REPLY

### a. Ample Cause Exists to Convert the Case to Chapter 7

7. It is not disputed that the Debtor is in material default under the Plan and Confirmation Order. The Debtor defaulted on Day 1 out of bankruptcy by failing to make the $100,000 Paydown on the Effective Date and $54,000 in adequate protection payments. JVK NY clams that it will cure the default by December 15. The Effective Date occurred March 13, 2026, making this default ongoing for over eight months. Further, JVK NY claims in its Objection that the business is generating 40% more weekly volume since January and added more customers. Objection ("Obj.") ¶ 9. But if that is true, the Debtor has not used its improved financial position to comply with the Plan and Confirmation Order. As the Debtor's senior secured lender, Dime Bank is entitled to priority payments. Yet, creditors, including, pre- and post-Effective Date professionals of JVK NY — and equity holders, it appears — continue to be paid before Dime Bank.[4]

---

[4] As the Court is well aware, for some time the Debtors refused to pay the allowed fees and costs of their former investment bankers, Silver Birch Inc. and BA Securities LLC (collectively, the "IB"). *See* ECF Nos. 327, 354, and 357. Counsel for the IB recently reported on October 13, 2026 that the Debtors have become current on payments due under a stipulation allowing the Debtors to satisfy the IB professional fee claim over a period of time. *See* ECF No. 365. In addition, as set forth in the Term Sheet made part of the Post-Confirmation Modified Plan, JVK NY's pre-Effective Date counsel, which is also its current counsel, is being paid its $500,000 professional fee claim on a monthly basis.

8. This is violative of the Confirmation Order and cause for conversion. *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022) (affirming the bankruptcy court's conversion to a Chapter 7 case where the debtor failed to make at least $200,000 in payments to her secured creditor required by the chapter 11 plan); *State of Ohio, Dept. of Taxation v. H.R.P. Auto Center, Inc (In re H.R.P. Auto Center, Inc.),* 130 B.R. 247, 256 (Bankr. N.D. Ohio 1991) (holding three missed payments to a single creditor over the course of a year was a material default of a confirmed chapter 11 plan); *see also* Collier on Bankruptcy ¶ 1112.04[6][n] ("Although the Code does not define the term material, the failure to make payments when due under the plan can constitute a material default.").

9. The Debtor's assertions that it will cure all monetary defaults by December 15 does not negate cause for conversion or dismissal of the chapter 11 case. The Debtor has not demonstrated that an additional four weeks will guarantee performance under the Plan and Confirmation Order when the Debtor has not been able to comply for over eight months. Other than taking the blanket position that "Contract A" will improve the company's financial prospects and will empower JVK NY to meet its Plan obligations, it provides no reason to believe that Contract A will miraculously return JVK NY to solvency. Conversion or dismissal of the chapter 11 case is thus warranted and this Court should grant Dime Bank's requested relief if the defaults are not cured immediately.

10. The Debtor contends that the "extraordinary circumstances" (Obj. ¶ 3) occasioned by MediServ terminating the MediServ-JVK Settlement and demanding the Principals repay the $300,000 loan somehow justifies prolonging this Chapter 11 case. The Principals' decision to prefer MediServ, the former plan sponsor, over Dime Bank, the Debtor's senior secured lender, should not be viewed as "extraordinary" and as a basis to deny conversion of the case. More importantly, the Debtor does not attempt to explain why it failed – and still has not more than eight

months later – to make $100,000 Paydown that was due in the Effective Date and the reduced adequate protections of $54,000. The obvious reason why it has not paid those amounts – and the reason the Debtor shared with Dime Bank – is that does not want to relinquish money to Dime Bank when there is the prospect the case will be converted and the Debtor will no longer have obligations under the Plan.

11. Dime Bank requests that the Court not prolong this case in the face of JVK NY admitted incapacity to meet its financial obligations under the Plan. There is glaring cause here to convert the case.

**b. As the Principals and MKMK of NJ Have Not Objected to the Requested Relief, the Court Should Compel the Principals to Comply with their Obligation to Furnish the $400,000 Cash Collateral if the Court Does Not Convert the Case**

12. A confirmed plan is a contract that binds the parties involved in the case. *In re: S. Broadway Realty Enter., Inc.,* No. 8-23-74237-AST, 2026 WL 777311, at *3 (Bankr. E.D.N.Y. Mar. 18, 2026); *In re Victory Markets, Inc.*, 221 B.R. 298, 303 (B.A.P. 2d. Cir. 1998) ("[A] confirmed plan holds the status of a binding contract as between the debtor and its creditors."); *In re Dow Corning Corp.*, 456 F.3d 668, 676 (6th Cir. 2006) (Confirmed plan is "a new contract between the debtor and its creditors…").

13. The Court should enforce the entered Confirmation Order and direct the Principals and MKMK of NJ to comply with its terms. *In re Lehman Bros. Holdings Inc.*, 591 B.R. 153, 159 (Bankr. S.D.N.Y. 2018) ("Section 1142(b) 'empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan.'") (quoting *In re WorldCom, Inc.*, Case No. 02-13533, 2009 WL 2959457, at *7 (Bankr. S.D.N.Y. May 19, 2009) (further quotation omitted); *see also United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.),* 301 F.3d

296, 306 (5th Cir. 2002) (Section 1142(b) "empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan…").

14. It has been more than eight months since the event that purportedly prevented the Principals and MKMK of NJ from providing the $400,000 cash collateral required by the JVK-Dime Settlement, which was incorporated and made part of the Confirmed Plan and the Post-Confirmation Modified Plan. The Principals do not dispute this obligation nor have they objected to Dime Bank's requested relief. Accordingly, if the Court does not convert or dismiss the Chapter 11 case, Dime Bank requests that the Court enter an order compelling the Principals to comply with the Plan.

**WHEREFORE**, Dime Bank respectfully request that the Court enter the proposed order attached to the Motion and grant such other relief as it deemed appropriate.

Dated: New York, New York
November 9, 2026

WINDELS MARX LANE & MITTENDORF, LLP

By: */s/ Eloy A. Peral*____________
Eloy A. Peral (eperal@windelsmarx.com)
Yara Kass-Gergi (pro hac vice admissions requested) (ykass-gergi@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000

*Attorneys for Dime Commercial Bank f/k/a Dime Community Bank*